UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

JARON WHITE OWENS                                                               PLAINTIFF

v.                                                     CIVIL ACTION NO. 4:20CV-P53-JHM

DEPUTY KYLE DAME *et al.*                                        DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff Jaron White Owens filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A.[1] For the reasons stated below, the Court will dismiss Plaintiff's claims upon initial review.

**I. SUMMARY OF FACTUAL ALLEGATIONS**

Plaintiff was a pretrial detainee at the Hopkins County Jail (HCJ) at the time he filed the action. Plaintiff sues the following Defendants: Madisonville Police Department Officers Kyle Dame, Shawn Davis, Justin Crump, Scott Gibson, and Horne; HCJ; former Hopkins County Jailer Joe Blue; current Hopkins County Jailer Mike Lewis; and HCJ Officer Sgt. Coy. He sues each individual in his or her official capacity only with the exception of Defendant Blue, who he sues in his individual capacity only.

Plaintiff's complaint is not a model of clarity, but the Court will do its best to summarize the factual allegations. He states, "A sheriff came by last residents home placement . . . and served papers and made me leave my residents [illegible] eviction and he stated that I had ten mins to grab my items." Plaintiff quotes from the Fourth and Fifth Amendments. He states, "I asked for a supervisor but he got mad cause I had a camera on car and threating me and said that

---

[1] This matter was stayed pending the outcome of Plaintiff's state-court criminal action. The Court lifted the stay by Memorandum and Order entered October 26, 2021 (DN 15).

would be good if I had a wreck.  After that I got kinda scared and left cause I didn't know what he was going to do."  Plaintiff continues, "After that day police had been harrassing me all the way up to 9/30/19 to 10/7/19 then from 11/22/19 to 12/01/19 also officer Horne/MPD said that he got a call on the day after I was released 11/23/19 that I was trying to burn something down before hand."  He asserts, "That's why I belive I was framed by officers entrapment and charged with stealing my fiances car that I had been driving her around for years."  Plaintiff maintains that he has been "followed and targeted by Madisonville Police Dept."  He states, "All my information and things were at the address of home placement of DOC.  I was subject to identy breech by unknown agent/people."

Plaintiff further asserts that he was a defendant in a felony case and was detained "when my rights were violated."  He states that he asked to speak with an attorney and that the police were not supposed to question him.  He further alleges the following:

> As defendant/accused person Jaron Whitney Owens was constitutional issue we decide is admissible of statement obtained from accused suspect Jaron Whitney Owens question in custody or deprived his freedom of speech/action in significant ways and was question, by officer, detectives or prosecuting attorney in a room which he was cut off from the outside world.

He maintains that he was not given a "full and effective warning of his rights at the outset of the interrogation process."  He continues, "Each signed statement stated defendant Owens had left and was told to leave and still got charged doesn't make sense."  Plaintiff also makes reference to a "hate crime" and states, "I have been targeted for the race, religion, creed, gender and discriminated because the individual characteristic, and subject to mental abuse because of a loss of Helen Owens my grandmother."

Plaintiff next makes allegations about his incarceration in HCJ in 2015.  He states, "I was housed with a state inmate and ended up breaking my left knee tibia and had surgery while

incarcerated . . . ." He alleges that there were "stage fights" at HCJ. He states, "Sgt. Coy at [HCJ] send people to fight me like this is a boxing ring." He states, "Reason for the officers I get corporal punishment and cruel and unusual punishment cause they put me on metal on metal with a rod and screws that were done [illegible] while incarcerated staged fights from Sgt. Coy and Joe Blue."

Plaintiff next states that Defendant Davis came to his residence and that there were "pills in the home he never charged the girl because he had been having affair with my fiance and every since then he's been following me around and I know him personally from school." He continues, "Conflict of interest with that officer and he has made Madisonville Police hate crimes against me since surgery happened."

Plaintiff also states that Defendant Coy is "prejudice and goes threw everyone mail and decides if he wants to give you your mail based off if he likes you or not." He states that Defendant "is frauding a lot of personal information."

Plaintiff next maintains that he lived at an address with his grandmother for twenty years. He states, "After she passed away police and family started acting different towards me, cause I was her favorite have been targeted for hate crimes against newspapers, Assiociated press." He states that he "should be entitled to private property" at the address and describes improvements he made to the property.

As relief, Plaintiff seeks compensatory and punitive damages and "release from illegal detention."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any

portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

### III. ANALYSIS

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

*A. Eviction*

While not entirely clear, Plaintiff seems to allege that a sheriff evicted him in violation of the Fourth and Fifth Amendments. However, Plaintiff does not name any sheriff or sheriff's deputy as a Defendant in this action, and he fails to explain how his eviction violated either the Fourth or Fifth Amendment. "[T]he district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Therefore, Plaintiff's allegations concerning his eviction will be dismissed for failure to state a claim upon which relief may be granted.

*B. Harassment by police officers*

Plaintiff alleges that he was harassed and "followed and targeted" by police officers. He also asserts that he was "framed by officers entrapment and charged with stealing my fiances car that I had been driving her around for years." Plaintiff does not allege which, if any, of the named Defendants engaged in this conduct. To state a claim for relief, Plaintiff must show how each Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976); *Reilly v. Vadlamudi*, 680 F. 3d 617, 626 (6th Cir. 2012) ("Plaintiff must state a plausible constitutional violation against each individual defendant - the collective acts of defendants cannot be ascribed to each individual defendant.") (citations omitted). Moreover, Plaintiff's allegations are wholly conclusory and lack sufficient facts to state a constitutional violation. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

5

enhancement.'") (quoting *Twombly*, 550 U.S. at 555, 557)). Therefore, Plaintiff's allegations of harassment by police officers must be dismissed for failure to state a claim.

*C. Police questioning*

Plaintiff next alleges that he was questioned by police officers in violation of his rights and that he was not given a "full and effective warning of his rights at the outset of the interrogation process." The Court construes the allegations as asserting a violation of his *Miranda* rights. Plaintiff again fails to assert which, if any, of the Defendants was involved in his questioning. However, even if he had, Plaintiff does not allege a constitutional violation. The Fifth Amendment, which is applicable to the states by virtue of the Fourteenth Amendment, prohibits forced self-incrimination. *Malloy v. Hogan*, 378 U.S. 1, 8 (1964). A *Miranda* warning is designed to prevent an individual subject to custodial interrogation from being coerced to provide self-incriminating statements. *See Miranda v. Arizona*, 384 U.S. 436 (1966). Plaintiff does not allege that he provided any incriminating statements. Even if he did, he does not allege that they have been used against him in a criminal case. "[M]ere coercion does not violate the . . . Self-Incrimination Clause absent use of the compelled statements in a criminal case." *Chavez v. Martinez*, 538 U.S. 760, 769 (2003). "It is only once compelled incriminating statements are used in a criminal proceeding . . . that an accused has suffered the requisite constitutional injury for purposes of a § 1983 action." *McKinley v. City of Mansfield*, 404 F.3d 418, 430 (6th Cir. 2005) (footnote omitted). Thus, Plaintiff's allegations that the police questioning violated his *Miranda* rights do not state a Fifth Amendment claim and must be dismissed.

### D. "Hate crime"/discrimination

Plaintiff makes several allegations concerning a "hate crime" but does not state against which Defendant he makes this claim. However, as a private citizen, Plaintiff cannot assert a criminal charge against anyone. *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch.").

Plaintiff also alleges that he was targeted "for the race, religion, creed, gender and discriminated because the individual characteristic, and subject to mental abuse because of a loss of Helen Owens my grandmother." He again fails to allege that any of the named Defendants engaged in this conduct. However, even if he had, his allegations are wholly conclusory. The Equal Protection Clause provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. Plaintiff must allege, in part, that a Defendant intentionally discriminated against him because he was a member of a protected class, *McCleskey v. Kemp*, 481 U.S. 279, 292 (1987); *Purisch v. Tenn. Tech. Univ.*, 76 F.3d 1414, 1424 (6th Cir. 1996), or that he was treated differently than similarly situated individuals and that there was no rational basis for the difference in treatment. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (per curiam). Plaintiff fails to allege his own race or religion or that of any Defendant. Nor does he allege how he was treated differently than similar situated individuals. *See Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) (stating that "some factual basis for the claims under § 1983 must be set forth in the pleadings" and "mere conclusory allegations of unconstitutional conduct" are insufficient). Moreover, Plaintiff seems to allege that he was targeted because of the "loss of Helen Owens my grandmother." Such an allegation does not give rise to a constitutional claim.

Therefore, Plaintiff's allegations of a "hate crime" and discrimination will be dismissed for failure to state a claim.

### E.  *2015 incarceration at HCJ*

Plaintiff also alleges that, during his incarceration in HCJ in 2015, Defendants Coy and Blue staged a fight between him and another inmate which resulted in Plaintiff breaking his knee and requiring surgery. The Court construes the allegations as asserting § 1983 excessive-force claims against Defendants Coy, Blue, and HCJ.

Section 1983 does not contain its own statute-of-limitations period, but constitutional claims asserted under § 1983 are governed by the state personal injury statute of limitations. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Personal injury actions in Kentucky "shall be commenced within one (1) year after the cause of action accrued." Ky. Rev. Stat. § 413.140(1); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

The applicable statute of limitations is determined by state law, but the "date on which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (2007) (citing *Kuhnle Bros., Inc. v. Cty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)). Under federal law, "'the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Arauz v. Bell*, 307 F. App'x 923, 927-28 (6th Cir. 2009) (quoting *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988)). In other words, to

determine when a § 1983 cause of action accrues, a district court must examine what event(s) should have alerted the typical individual to protect his or her rights. *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 843 (6th Cir. 2015).

In the case at bar, the one-year statute of limitations on Plaintiff's claims accrued in 2015, on the date of the alleged incident when he knew or had reason to know of the injury giving rise to this claim. The limitations period, therefore, expired one year later. Even assuming that the incident occurred on the last day of 2015, December 31, 2015, Plaintiff had one year, or until December 31, 2016, to file a timely complaint. Because the complaint was not filed until March 20, 2020,[2] more than three years after the expiration of the limitations period, it is obvious on the face of the complaint that Plaintiff's excessive-force claim is untimely. Therefore, Plaintiff's claims against Defendants Coy, Blue, and HCJ will be dismissed as frivolous.

## F.  *Defendant Davis*

Plaintiff alleges that Defendant Davis came to his residence and that there were "pills in the home he never charged the girl because he had been having affair with my fiance and every since then he's been following me around and I know him personally from school." He continues, "Conflict of interest with that officer and he has made Madisonville Police hate crimes against me since surgery happened." The Court cannot discern a constitutional claim based on the fact that Defendant Davis did not charge "the girl." Plaintiff does not have a right to compel an investigation of another person. *See Diamond v. Charles*, 476 U.S. 54, 64-65 (1986). There is likewise not a constitutional claim based on Defendant Davis having an alleged affair with Plaintiff's fiancée. To the extent that Plaintiff alleges that Defendant Davis has been

---

[2] Under the "prison mailbox rule," a *pro se* prisoner's complaint "is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). The complaint does not indicate on what date Plaintiff handed it to the prisoner mail system for mailing. However, he signed the complaint on March 20, 2020, and the Court will construe it as being filed on that date for purposes of this initial review.

following him or has a "conflict of interest," these allegations are too conclusory to give rise to a constitutional claim, and the Court addressed Plaintiff's allegation of a "hate crime" above. Accordingly, Plaintiff's allegations against Defendant Davis will be dismissed for failure to state a claim.

## G. Mail

Plaintiff claims that Defendant Coy is "prejudice and goes threw everyone mail and decides if he wants to give you your mail based off if he likes you or not." He states that Defendant "is frauding a lot of personal information." Prisoners have a First Amendment right to communicate with the outside world by sending and receiving mail, although it is subject to prison policies that are reasonably related to legitimate penological interests. *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989); *Turner v. Safley*, 482 U.S. 78, 85, 89 (1987). Plaintiff does not allege that he has not received any of his mail, that he has been prevented from mailing any correspondence, or that his own mail even has been affected by Defendant Coy's actions. His conclusory allegations without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678-69. Therefore, the claims will be dismissed for failure to state a claim.

## H. Identity breach and grandmother's property

Plaintiff also alleges that information at his residence was taken, which was "identy breech by unknown agent/people." He also claims that he should be entitled to personal property at his grandmother's residence. Plaintiff does not allege that any of the named Defendants were responsible for either of these claims or how the allegations give rise to a constitutional violation. Accordingly, Plaintiff's allegations related to an identity breach and his grandmother's property will be dismissed for failure to state a claim upon which relief may be granted.

For the foregoing reasons, the Court will dismiss the action by separate Order.

Date: January 4, 2022

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
 Defendants
 Hopkins County Attorney
4414.010

11